STATE, CHARLES AKERS ET AL., PROSECUTORS, v. THE UNITED NEW JERSEY RAILROAD AND CANAL COMPANY.

The act concerning railroad corporations, approved March 6th, 1877, (*Pamph. L.*, *p.* 48,) which authorizes such corporations to condemn lands "adjoining their road as constructed on their right of way as located," does not apply to lands which merely adjoin a side track leading from the railway route to a freight-house.

On *certiorari* to review an appointment of commissioners to condemn lands.

The defendants applied to one of the justices of this court for condemnation of a lot of land in Newark, setting forth in their petition that the land "adjoined their road as constructed on their right of way as located," and basing their right to condemn upon "An act concerning railroad corporations," approved March 6th, 1877, (*Rev.*, *p.* 946, § 172,) which authorizes the condemnation of lands so situate.

The lot in question, at its nearest point, is distant one hundred feet from the sixty-six feet strip which the New Jersey Railroad and Transportation Company (whose successors the defendants are,) originally took under their charter for their road; but, except where it borders upon streets, it is surrounded by lands of the defendants used for freight-houses and tracks leading to them from the main line.

The prosecutors, owners of this lot, insist that its situation is not such as to bring it within the range of this law.

Argued at November Term, 1880, before Justices DIXON, REED and PARKER.

For the prosecutors, *J. R. Emery.*

For the defendants, *J. P. Jackson.*

The opinion of the court was delivered by

DIXON, J. In deciding this controversy, the first thing to be settled is, what constitutes the "road of the defendants as constructed upon their right of way as located." It seems to me that the prosecutors justly insist that this expression denotes the strip of land, of prescribed width, upon which the defendants have their routes of railway, and does not include mere side tracks or spurs, which are but appendages of their railway, designed to reach freight depots or engine-houses, or such other incidental structures. This, I think, is the idea which would ordinarily be gathered from the language. The phrase "right of way as located," appears to refer to the location by survey, which these corporations are usually required to indicate upon paper filed in some public office, as preliminary to the condemnation of property; and such surveys are of the route *from terminus to terminus,* and not of mere appendages. Unless it has this meaning, it must denote the road-bed actually existing; but that is evidently intended by the expression "road as constructed," and it is not proper to

consider the phrase as tautological if the words are capable of conveying distinct ideas.

The next question is, as to the meaning of the word "adjoining;" for the act only authorizes the condemnation of lands *adjoining* the road, &c.   The defendants claim that it means "near;" the prosecutors, that it means "touching," "in contact with."   The latter is the proper signification, and it is the more readily to be adopted in this case, because it thus restricts the grant of eminent domain, which is never to be extended by unnecessary implication.   It is, perhaps, true that under this construction the power to condemn will be always limited by the width of the property belonging to the owner of the lands contiguous to the railway, and it may sometimes be convenient for the corporation to take lands that lie beyond; but the courts do not, for the sake of corporate convenience, regard lands as subject to the exercise of this sovereign power, where the legislature has not plainly declared them to be so.

These views of this statute lead to the conclusion that the prosecutors' lot is not embraced within the purview of this law, so far as the defendant's main road is concerned.

The defendants next insist that it is enough if the lot adjoins a branch railroad, and that these tracks leading to their freight-houses should be considered as a "branch road," which, under the charter of the New Jersey Railroad and Transportation Company, that company was entitled to build to any points within the township of Newark.   *Pamph. L.* 1832, *p.* 96, § 8.   But this latter position is not tenable.   The branch railroad here designated means more than these side tracks. It denotes a road, connected indeed with the main line, but not a mere incident of it, not constructed simply to facilitate the business of the chief railway, but designed to have a business of its own, for the transportation of persons or property to and from places not reached by the principal route.

In this claim, therefore, I think the defendants must also fail.

The other acts referred to as warranting the proceedings,

seem so plainly inapplicable that they need no special comment, and they are not the basis upon which the petition for condemnation avowedly rested.

The appointment of commissioners should be set aside, with costs.